## UNIVERSAL BATTERY COMPANY *v.* UNITED STATES.

## VESTA BATTERY CORPORATION *v.* SAME.

## BASSICK MANUFACTURING COMPANY *v.* SAME.

## F. W. STEWART MANUFACTURING CORPORATION *v.* SAME.

## GEMCO MANUFACTURING COMPANY *v.* SAME.

Nos. 127, 275, 350, 351, and 352.   Argued January 21, 1930.—Decided May 26, 1930.

*Mr. George M. Morris* for the Universal Battery Company and the Vesta Battery Corporation.

*Mr. George M. Wilmeth* for the Bassick Manufacturing Company, the F. W. Stewart Manufacturing Corporation, and the Gemco Manufacturing Company.

*Mr. Claude R. Branch,* with whom *Assistant Attorney General Youngquist, Messrs. Sewall Key* and *Andrew D. Sharpe,* Special Assistants to the Attorney General, and *Ralph C. Williamson* were on the brief, for the United States.

MR. JUSTICE VAN DEVANTER delivered the opinion of the Court.

These are cases brought against the United States to recover taxes paid under § 900 of the Revenue Acts of .1918 and 1921, c. 18, 40 Stat. 1122; c. 136, 42 Stat. 291, upon sales of articles which the revenue officers regarded as " parts or accessories for " motor vehicles the sale of which is subjected to a tax by subdivisions 1 and 2 of that section. In each case the facts were found specially and judgment was given for the defendant. In all this Court granted certiorari.

We pass the details relating to protests, claim to a refund and administrative denial of those claims, and come directly to the terms of the section under which the taxes were exacted. It provides:

" Sec. 900. That there shall be levied, assessed, collected and paid upon the following articles sold or leased by the manufacturer, producer, or importer, a tax equivalent to the following percentages of the price for which so sold or leased—

"(1) Automobile trucks and automobile wagons, (including tires, inner tubes, parts, and accessories therefor, sold on or in connection therewith or with the sale thereof), 3 per centum;

"(2) Other automobiles and motorcycles, (including tires, inner tubes, parts, and accessories therefor, sold on or in connection therewith or with the sale thereof), except tractors, 5 per centum;

"(3) Tires, inner tubes, parts, or accessories, for any of the articles enumerated in subdivision (1) or (2), sold to any person other than a manufacturer or producer of any of the articles enumerated in subdivision (1) or (2), 5 per centum; " . . .

The claimants do not manufacture or sell any of the vehicles enumerated in subdivisions 1 and 2, but each does manufacture and sell the article on sales of which the challenged tax was assessed and collected. These sales were all to persons other than a manufacturer or producer of any of the enumerated vehicles. In each case the question presented is whether the article sold is a " part or accessory for " such a vehicle within the meaning of subdivision 3.

Taking the three subdivisions together it is apparent that the words " parts " and " accessories " have the same meaning in all; that they comprehend articles having some relation to the enumerated motor vehicles; and that it is because of that relation that the tax is laid on their sale.

Subdivisions 1 and 2, with the introductory provision, contemplate that parts and accessories may be sold along with the vehicle by the manufacturer of the latter, and show that where this is done the tax is to be paid by the manufacturer of the vehicle. Subdivision 3, with the introductory provision, contemplates that parts and accessories may be sold separately from the vehicle by the

manufacturer of the former to others than a manufacturer of the latter, as where the sale is for replacement purposes, and show that the tax on such a sale is to be paid by the manufacturer of the parts and accessories. And it is implicit in the three subdivisions, with the introductory provision, that where parts and accessories are sold by their manufacturer to a vehicle manufacturer to be resold along with the vehicle by the latter, the sale by the former is to be tax free, while the resale by the latter, when incidental to the sale of the vehicle, is to be taxed against the latter as already indicated.

Thus the scheme of taxation embodied in these provisions centers around the motor vehicles enumerated therein. Their sale is the principal thing that is taxed, and the sale of parts and accessories " for " such vehicles is taxed because the parts and accessories are within the same field with the vehicles and used to the same ends.

The administrative regulations issued under § 900 uniformly have construed the term " part " in that section as meaning any article designed or manufactured for the special purpose of being used as, or to replace, a component part of such vehicle, and which by reason of some characteristic is not such a commercial article as ordinarily would be sold for general use, but is primarily adapted for use as a component part of such vehicle. The regulations also have construed the term " accessory " as meaning any article designed to be used in connection with such vehicle to add to its utility or ornamentation and which is primarily adapted for such use, whether or not essential to the operation of the vehicle.

This construction of those terms has been adhered to in the Internal Revenue Bureau for about ten years and it ought not to be disturbed now unless it be plainly wrong. We think it is not so, but is an admissible construction. Certainly it would be unreasonable to hold

that articles equally adapted to a variety of uses and commonly put to such uses, one of which is use in motor vehicles, must be classified as parts or accessories for such vehicles. And it would be also unreasonable to hold that articles can be so classified only where they are adapted solely for use in motor vehicles and are exclusively so used. *Magone* v. *Wiederer*, 159 U. S. 555, 559. We think the view taken in the administrative regulations is reasonable and should be upheld. It is that articles primarily adapted for use in motor vehicles are to be regarded as parts or accessories of such vehicles, even though there has been some other use of the articles for which they are not so well adapted.

It remains to apply that view to the cases in hand.

In No. 127 the claimant was taxed on the sale of storage batteries to divers dealers. In the petition it was alleged that batteries of the type sold were not primarily adapted for use in motor vehicles, but on the contrary were, and long had been, used for various other purposes particularly named. This was a material issue; but the court, although finding that the batteries were, and had been for several years, used for the purposes alleged, made no finding as to whether they were primarily adapted for use in motor vehicles or were equally adapted for the other uses named. There should have been a definite finding on the matter. The other findings are such that, in view of that omission, the judgment should be reversed and the case remanded for complete findings and such further proceedings as may be appropriate.

In No. 275 the articles sold were storage batteries. There is a special finding that the batteries were of a type specially suitable for use on automobiles as replacements and were not adapted to any other primary purpose or use. With this matter of fact so found the judgment should be affirmed.

In No. 350 the tax was on sales of gascolaters, a device used on internal combustion engines to strain dirt, water and foreign matter from the gasoline before it reaches the carburetor. The petition alleged that gascolaters were not parts or accessories of motor vehicles but commercial articles sold for general use and used on various internal combustion engines other than those in motor vehicles. This was a material issue. The findings make no definite response to it but leave the matter where conflicting inferences may be drawn respecting it. Because of this, the judgment should be reversed and the case remanded for definite and complete findings and such further proceedings as may be appropriate.

In No. 351 the articles sold were gears, flexible shafts and flexible housings, all being replacement parts for speedometers used on motor vehicles. It is conceded that speedometers are accessories; but it is insisted that parts of a speedometer cannot be such. We think they can. The finding is that these parts were specially designed, manufactured and sold for use on automobiles and are not adapted to any other purpose or use. It is not questioned that when sold they had reached such a stage of manufacture that they were adapted for ready replacement and use; so it is not as if the process of manufacture were not complete. A speedometer consists of distinct and separate parts, and we perceive no reason why one or more of these when manufactured and sold for the purpose shown by the finding should not take the same classification as speedometers. The judgment should be affirmed.

In No. 352 the tax was laid on sales of bars, brackets and fittings for use as replacement parts for bumpers on automobiles. They were designed, manufactured and sold for such use and were not adapted for any other. It is said that while bumpers are accessories these parts can-

not be so regarded. We think they are on the same plane as the parts of speedometers just dealt with. The judgment should be affirmed.

*In Nos. 127 and 350 judgments reversed and cases remanded for further findings.*

*In Nos. 275, 351 and 352 judgments affirmed.*