**PERFECTION GEAR CO. v. UNITED STATES.**
No. H–467.

Court of Claims.
June 16, 1930.

Alex Koplin, of Washington, D. C., for plaintiff.

Ralph C. Williamson, of Washington, D. C., and Herman J. Galloway, Asst. Atty. Gen. (Arthur J. Iles, of Indianapolis, Ind., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, and WILLIAMS, Judges.

LITTLETON, Judge.

■ Plaintiff contends that the Formica timing gears manufactured and sold by it, upon the sale of which the tax in question was collected, were not parts for automobiles. These gears were especially designed and primarily adapted, and were widely advertised and sold, for use on almost every known make of engine for automobiles and trucks. They were therefore properly classed as automobile parts, and the sale therefore was subject to tax. Universal Battery Co. v. United States, 50 S. Ct. 422, 423, 74 L. Ed. ——, decided by the Supreme Court May 26, 1930.

■ It is contended by plaintiff that inasmuch as the silent timing gears were also adapted for use on internal-combustion engines used for purposes other than on automobiles, and were also advertised and sold for general use on such engines, it was not liable for the tax on any of the sales. But when it appears, as here, that the article is primarily designed and adapted for use on automobiles, and that it is widely advertised, sold, and primarily used as parts for automobiles, the sales are taxable, and the burden is upon the taxpayer if he contends in a suit to recover the tax that all of the articles sold were not so used, to establish the amount of such sales. When the primary and chief use of an article is established that subjects it to the tax, the manufacturer cannot escape the tax upon his entire sales by showing that the article could and may have been used for some other purpose, without showing the number of those sold and taxed that were so used. Nor is it of any help to him to say at this time he does not know and has no way of ascertaining the amount of sales of articles for use other than as automobile parts. In Universal Battery Co. v. United States, supra, the court said:

"The administrative regulations issued under section 900 uniformly have construed the term 'part' in that section as meaning any article designed or manufactured for the special purpose of being used as, or to replace, a component part of such vehicle, and which by reason of some characteristic is not such a commercial article as ordinarily would be sold for general use, but is primarily adapted for use as a component part of such vehicle. * * *

"Certainly it would be unreasonable to hold that articles equally adapted to a variety of uses and commonly put to such uses, one of which is use in motor vehicles, must be classified as parts or accessories for such vehicles. And it would be also unreasonable to hold that articles can be so classified only where they are adapted solely for use in motor vehicles and are exclusively so used."

The facts in this case bring it within the rule announced by the Supreme Court, and the plaintiff is not entitled to recover.

In view of this conclusion, it is not necessary to pass upon the contention of the defendant that recovery of $6,423.32 included in plaintiff's claim for refund for $12,321.06, which was rejected by the Commissioner September 9, 1923, and representing the tax paid in June, July, August, October, and Novem-

ber, 1922, is barred by the statute of limitation.

The petition must be dismissed, and it is so ordered.

BOOTH, Chief Justice, and WILLIAMS and GREEN, Judges, concur.

This case was tried before the appointment of WHALEY, Judge. He therefore took no part in its decision.