## WEEKS v. UNITED STATES.
### No. H–515.

Court of Claims.
June 16, 1930.

This case having been heard by the Court of Claims, the court, upon the evidence adduced, makes the following special findings of fact:

1. Elling O. Weeks, doing business as Weeks Super Carburetor Company, during the times hereinafter mentioned, was and now is engaged in business, with his principal place of business located at Milwaukee, Wis.

2. The Weeks supercarburetor is a vaporizer for increasing the efficiency of internal-combustion engines. It is a device for more completely vaporizing the gas after it has left the carburetor. It is attached to the intake manifold between the carburetor and the motor.

The Weeks supercarburetor is patented under letters patent No. 165045, issued by the United States Patent Office, for an apparatus for reatomizing fuel to be used for internal combustion. The device was developed by plaintiff while engaged in the operation of airplanes and was primarily designed for use on airplanes, but it was equally suitable for use upon any internal-combustion engine, when the manifold was of the same size.

The Weeks supercarburetor has been used on tractors and motors for mining, sawing wood, motors used for running mowers, baggage mules (which are motors with flat plates in front for pushing baggage trucks around), airplanes, and internal-combustion engines used in automobiles.

Taxes were paid on all the supercarburetors sold by plaintiff, regardless of the use to which they were put. Sales were made through distributors or agents.

Plaintiff made and sold this supercarburetor in various sizes and in more than one type. One of these types was adapted for use on the engine of certain models of the Ford automobile by being made in such form that it could be easily attached to the manifold of the engine of that model, but it was equally adapted for use on engines used for other purposes than as a motor for automobiles when the manifold was of the same size, and was so used. Plaintiff issued an advertisement showing how this type of the supercarburetor could be attached to the manifold of the Ford engine, and in the advertisement was a statement to the effect that the use of the supercarburetor would result in a much greater mileage being obtained from a given quantity of gasoline used in the engine. It does not appear from the evidence how many of this type of carburetor were sold or to what engines they were attached. The other type or types and sizes were attached to gas engines used in a number of different kinds of machinery other than automobiles or trucks. The evidence does not show how they were attached to the gas engines upon which they were used, nor does the evidence show whether any of these types or sizes were sold to be attached to engines used in automobiles.

3. Plaintiff and all the officers thereof have at all times borne true allegiance to the United States of America and have not, nor have any of them in any way, voluntarily aided, abetted, or given encouragement to rebellion against the United States; and plaintiff is a citizen of the United States, the sole owner of the claim hereinafter stated; no action has been had thereon before Congress or any governmental department, and no part of said claim has ever been assigned or sold.

4. Plaintiff made and filed his manufacturer's excise tax returns monthly for the period April, 1923, to February, 1926, in-

clusive, showing the amount of tax due thereon which was duly assessed on such returns by the Commissioner of Internal Revenue, and paid by plaintiff, for the months, in the amounts, and on the dates hereinafter set forth, as follows:

| Period | Yr. | Month | Yr. | Page | Line | Amount | Date paid |
|--------|-----|-------|-----|------|------|--------|-----------|
| April | 1923 | June | 1923 | 3 | 5 | $ 76.43 | 6/ 5/23 |
| May | | July | | 11 | 7 | 96.15 | 7/ 7/23 |
| June | | Aug. | | 5 | 4 | 84.75 | 8/ 2/23 |
| July | | Sept. | | 8 | 5 | 61.20 | 9/ 5/23 |
| Aug. | | Oct. | | 9 | 4 | 58.75 | 10/ 3/23 |
| Sept. | | Nov. | | 18 | 1 | 69.49 | 11/ 7/23 |
| Oct. | | Dec. | | 12 | 4 | 125.65 | 12/ 6/23 |
| Nov. | | Dec. | | 44 | 2 | 217.24 | 12/28/23 |
| Dec. | | Feb. | 1924 | 10 | 6 | 339.78 | 2/ 7/24 |
| Jan. | 1924 | Mar. | | 14 | 8 | 225.35 | 3/ 7/24 |
| Jan. | | Aug. | | 19 | 0 | 5.51 | 8/ 8/24 |
| Feb. | | Apr. | | 2 | 4 | 394.96 | 4/ 3/24 |
| Mar. | | May | | 14 | 5 | 402.43 | 5/ 3/24 |
| April | | June | | 10 | 6 | 425.18 | 6/ 5/24 |
| May | | July | | 4 | 2 | 433.12 | 7/ 1/24 |
| June | | Aug. | | 12 | 8 | 462.60 | 8/ 5/24 |
| July | | Sept. | | 4 | 5 | 198.87 | 9/ 5/24 |
| July | | Nov. | | 8 | 9 | 23.98 | 11/10/24 |
| Aug. | | Oct. | | 3 | 1 | 217.72 | 10/ 2/24 |
| Sept. | | Nov. | | 3 | 0 | 225.32 | 11/ 3/24 |
| Oct. | | Dec. | | 2 | 7 | 278.99 | 12/ 2/24 |
| Nov. | | Jan. | 1925 | 4 | 6 | 360.18 | 1/ 6/25 |
| Dec. | | Jan. | | 19 | 2 | 468.55 | 1/31/25 |
| Jan. | 1925 | Feb. | | 14 | 2 | 547.64 | 2/27/25 |
| Feb. | | Mar. | | 13 | 7 | 587.14 | 3/28/25 |
| Mar. | | May | | 6 | 8 | 928.72 | 5/ 4/25 |
| Apr. | | June | | 3 | 3 | 740.70 | 6/ 3/25 |
| May | | June | | 15 | 6 | 853.17 | 6/29/25 |
| June | | July | | 12 | 8 | 770.59 | 7/27/25 |
| July | | Aug. | | 14 | 3 | 699.19 | 8/28/25 |
| Aug. | | Sept. | | 15 | 0 | 611.68 | 9/28/25 |
| Sept. | | Oct. | | 16 | 6 | 620.70 | 10/27/25 |
| Oct. | | Nov. | | 14 | 4 | 599.22 | 11/30/25 |
| Nov. | | Dec. | | 17 | 1 | 613.45 | 12/ 3/25 |
| Dec. | | Jan. | 1926 | 13 | 0 | 497.87 | 1/29/26 |
| Jan. | 1926 | Mar. | | 2 | 3 | 359.10 | 3/ 1/26 |
| Feb. | | Mar. | | 13 | 9 | 270.84 | 3/30/26 |

5. On April 27, 1926, plaintiff filed his claim for refund #352322 of manufacturer's excise tax so paid on supercarburetors (vaporizers) for the period April, 1923, to February, 1926, inclusive, in the amount of $13,952.21, which was duly rejected by the Commissioner of Internal Revenue on September 9, 1926.

Alex Koplin, of Washington, D. C., for plaintiff.

Ralph C. Williamson, of Washington, D. C., and Herman J. Galloway, Asst. Atty. Gen. (Arthur J. Iles, of Indianapolis, Ind., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, and WILLIAMS, Judges.

GREEN, Judge.

Plaintiff in this case is a manufacturer of a patented device intended to be attached to the manifold of carburetors used in connection with internal-combustion engines. The purpose of the device was to insure the more complete reatomizing or vaporizing of the fuel used in such engines, thereby making it easier to start the engine and insuring more perfect combustion, by which the amount of power which might be obtained from the engine would be increased. The device was primarily designed for use on engines for airplanes, but is equally adapted for use on any kind of a combustion engine and was in fact used on tractors, motors for mining, sawing wood, motors used for running mowers, so-called baggage mules, and internal-combustion engines used on automobiles and trucks. Plaintiff made and sold this supercarburetor in various sizes and in more than one type. One of these types was adapted for use on certain models of the Ford automobile by being made in such form that it could be easily attached to the manifold of the engine of that model. Plaintiff issued an advertisement showing how this type of the supercarburetor could be attached to the manifold of the Ford car or the Ford engine wherever used, and in the advertisement was a statement to the effect that the use of the supercarburetor would result in a much greater mileage being obtained from a given quantity of gasoline used in the engine. This type was equally adapted for use upon any internal-combustion engine having a manifold of the same size as that used upon the Ford engine. It does not appear from the evidence how many of this type of carburetor were sold or to what engines they were attached. The other type or types and sizes were attached to gas engines used in a number of different kinds of machinery other than automobiles or trucks. The evidence does not show how they were attached to the gas engines upon which they were used, nor does the evidence show whether any of these types or sizes were sold to be attached to engines used in automobiles.

The plaintiff paid a tax on all of the supercarburetors which he manufactured during the period in question in the case, and having filed a proper claim for refund, now sues to recover the amount so paid.

There are four matters which appear in the evidence and which taken together, we think, entitle the plaintiff to judgment: First, the article sold was a special patented device for a special purpose; second, it was not primarily designed for use upon automobiles; third, it was equally adapted for use in connection with nearly every kind of gas engine and was in fact attached to and used on a large number thereof in different

kinds of machinery other than automobiles; fourth, plaintiff paid taxes on all of the sales of the supercarburetor regardless of the use to which it was put. We do not think the fact that one type of the supercarburetor was advertised as adapted for use on certain models of the Ford engine is sufficient to make the plaintiff liable for the whole or any of the tax, as the evidence shows that this type was equally adapted for use on other engines not a part of an automobile or truck, especially when the evidence fails to show how many of this type were so sold, or to what engines they were attached.

The case is in line with that of the Milwaukee Motor Products, Inc., v. United States, 66 Ct. Cl. 295, and the decision is clearly controlled by the opinion in Universal Battery Co. v. United States, 50 S. Ct. 422, 423, 74 L. Ed. 1051, rendered by the Supreme Court May 26, 1930, in which it was said:

"Certainly it would be unreasonable to hold that articles equally adapted to a variety of uses and commonly put to such uses, one of which is use in motor vehicles, must be classified as parts or accessories for such vehicles."

It follows that plaintiff is entitled to judgment as prayed in his petition.

This case was tried before the appointment of WHALEY, Judge; he therefore took no part in its decision.