**W. M. DUTTON & SONS CO. v. UNITED STATES.**

No. H–397.

Court of Claims.

April 6, 1931.

F. W. McReynolds, of Washington, D. C., for plaintiff.

R. C. Williamson, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

WILLIAMS, Judge.

Plaintiff sues for recovery of excise taxes assessed on sales of air pumps during the period from March 1, 1919, to February 28, 1926, under section 900 of the Revenue Act of February 24, 1919, 40 Stat. 1122 (and similar provisions of the acts of 1921 and 1924).

Section 900 (3) of the Internal Revenue Acts of 1918 (40 Stat. 1122) and 1921 (42 Stat. 291), and section 600 (3) of the act of 1924 (26 USCA § 881 note), provide for excise taxes on "tires, inner tubes, parts, or accessories" of automobiles or motor cycles "sold to any person other than a manufacturer or producer" of automobiles or motor cycles.

The question as to what constitutes "parts" and "accessories" in automobiles within the meaning of the Revenue Acts of 1918, 1921, and 1924 has been passed upon by this court in numerous cases. In Atwater Kent Manufacturing Co. v. United States, 62 Ct. Cl. 419, 425, the court said: "Where the articles, as those we are concerned with, are applicable for use in different kinds of machines or appliances and are just as applicable to the one use as to the other they are not distinctively parts of automobiles so as to be taxable under these statutes."

The rule announced in the Atwater Kent Mfg. Co. Case, supra, is followed in Cole Storage Battery Co. v. United States, 65 Ct.

Cl. 164; Walker Manufacturing Co. v. United States, 65 Ct. Cl. 394; Fairmount Tool & Forging Co. v. United States, 42 F.(2d) 591, 70 Ct. Cl. 425, and other cases.

In Universal Battery Co. v. United States, 281 U. S. 580, 583, 50 S. Ct. 422, 423, 74 L. E. 1051, the court said:

"The administrative regulations issued under section 900 uniformly have construed the term 'part' in that section as meaning any article designed or manufactured for the special purpose of being used as, or to replace, a component part of such vehicle, and which by reason of some characteristic is not such a commercial article as ordinarily would be sold for general use, but is primarily adapted for use as a component part of such vehicle. The regulations also have construed the term 'accessory' as meaning any article designed to be used in connection with such vehicle to add to its utility or ornamentation and which is primarily adapted for such use, whether or not essential to the operation of the vehicle.

"This construction of those terms has been adhered to in the Internal Revenue Bureau for about ten years, and it ought not to be disturbed now unless it be plainly wrong. We think it is not so, but is an admissible construction. Certainly it would be unreasonable to hold that articles equally adapted to a variety of uses and commonly put to such uses, one of which is use in motor vehicles, must be classified as parts or accessories for such vehicles. And it would be also unreasonable to hold that articles can be so classified only where they are adapted solely for use in motor vehicles and are exclusively so used. Magone v. Wiederer, 159 U. S. 555, 559, 16 S. Ct. 122, 40 L. Ed. 258. We think the view taken in the administrative regulations is reasonable and should be upheld. It is that articles primarily adapted for use in motor vehicles are to be regarded as parts or accessories of such vehicles, even though there has been some other use of the articles for which they are not so well adapted."

The air pumps involved were sold by the plaintiff to jobbers only, who in turn sold them to retailers through whom they were distributed to the ultimate consumer. While they could be and were used in connection with automobiles, they were not primarily adapted for that purpose, and in fact were used for a large variety of purposes such as inflating all kinds of pneumatic tires used on bicycles, motorcycles, airplanes, and sulkies; furnishing air pressure in gasoline and kerosene heating and cooking stoves, grates, and lighting systems; spraying equipment, chemical sprays for trees and paint-spraying machines; testing of fuses and switch boxes in electrical work: in gasoline torches for brazing; in draught-beverage containers; in outdoor athletic equipment, such as footballs, basket balls, air boats, air beds, air pillows, chest protectors, mask protectors, metal air tanks, and air containers for vulcanizing.

Under the uniform decisions of this court, and the decision of the Supreme Court in Universal Battery Co. Case, supra, the articles in question being equally adapted to a variety of uses, and commonly put to such uses, one of which is use in motor vehicles, cannot be considered as primarily adapted for use in motor vehicles. The plaintiff is therefore entitled to recover the amount of taxes paid by it since October 11, 1922, for which claim for refund was made. Taxes paid prior to that date are barred by the statute of limitations. The plaintiff is awarded judgment in the sum of $38,658.25 with interest. It is so ordered.