**FROST GEAR & FORGE CO. v. UNITED STATES.**

No. H–454.

Court of Claims.

Nov. 2, 1931.

1026

George M. Morris, of Washington, D. C. (Don T. McKone, of Jackson, Mich., and KixMiller, Baar & Morris, of Washington, D. C., and Bisbee, McKone, Wilson & King, of Jackson, Mich., on the brief), for plaintiff.

Ralph C. Williamson, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and WHALEY, WILLIAMS, LITTLETON, and GREEN, Judges.

WHALEY, Judge.

The plaintiff is a manufacturer of several kinds of gears; i. e., pinion, ring, differential, and transmission. It is the successor to a partnership which had been making these gears for printing presses, pumping machines, wire-bending machines, and many other classes of machinery for many years prior to the advent of the automobile, auto truck, or motorcycle.

This suit is brought to recover taxes paid under sections 900, subdivision (3) of the Revenue Acts of 1918 and 1921 (40 Stat. 1122, 42 Stat. 291), and section 600, subdivision (3) of the Revenue Act of 1924 (43 Stat. 253, 322 [26 USCA § 881 note]), on sales of gears used in automobiles as "parts" or "accessories." We deem it unnecessary to quote these sections, as they have been set out at length in previous opinions of this court. It is quite apparent from the facts in the special findings of the court that these gears had been in general use for many years prior to the invention and manufacture of motor driven cars. Atwater Kent Mfg. Co. v. United States, 62 Ct. Cl. 419.

During the period involved in this suit, the sales of the plaintiff covered a wide latitude of uses of these gears by manufacturers of various and sundry kinds of machinery. The gears were used in lawn mowers, farming machines, special engines, outboard motors, and various mechanical devices.

When the motor-driven vehicles came into use, the field for the use and sale of these gears was expanded, and grew in proportion to the increase in the manufacture of this class of vehicle. But the characteristics of the gears remained the same. There was no special design for automobiles. The dimensions and sizes varied in different makes of cars and trucks, but the gears used in, and adaptable to, one make of car could be used in another make of car and in other kinds of machinery, and the gears used in other kinds of machinery could be used in motor vehicles; they were interchangeable. The plaintiff did not advertise any special gear for automobiles, but sold to jobbers by numbers and sizes, and the jobbers sold to manufacturers of various mechanical appliances in the same manner. The mere fact that garages and repair shops kept these gears in stock as replacement parts does not by itself stamp the articles as parts and accessories for automobiles alone. These gears are commercial articles ordinarily sold for general use, and not specially designed or primarily adapted for use in motor vehicles. Universal Battery Co. v. United States, 281 U. S. 580, 50 S. Ct. 422, 74 L. Ed. 1051; Weeks v. United States, 42 F.(2d) 325, 70 Ct. Cl. 374, and Dutton & Sons Co. v. United States, 48 F.(2d) 454, 72 Ct. Cl. ——.

The refund claims should have been allowed by the Commissioner of Internal Revenue. The plaintiff is entitled to recover the sum of $119,329.59, with interest. It is so ordered.