## ANTHONY CO. v. UNITED STATES.
### No. H–447.

Court of Claims.

Dec. 7, 1931.

George M. Wilmeth, of Washington, D. C., for plaintiff.

Ralph C. Williamson, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

GREEN, Judge.

This action is commenced to recover taxes levied on sales of hand-operated air pumps as automobile accessories. The statutes under which taxes were levied upon automobile accessories have been so often set out in the opinions of this court that we do not think it necessary to repeat them. Plaintiff claims that the taxes were illegally assessed, and the question to be determined in the case is one of fact; that is, it depends on whether the nature of the articles was such as to subject them to taxes as automobile accessories.

As before stated, the taxes were levied upon sales of hand-operated air pumps. It is a matter of common knowledge that such air pumps were made and used before automobiles came into existence, not only for pumping up bicycle tires, but for other purposes, and that as the number of apparatus grew upon which they could be used, and automobiles came to be common, these pumps were much increased in size and in power. The pumps which the plaintiff made were adapted for use on so many different kinds of apparatus, some of which are enumerated in the findings, that even the approximate number is not known. The connections supplied with the pumps appear to have been standardized, so that without any change they were fitted to supply compressed air for all, or practically all, of the different kinds of purposes for which they were used. While adapted for pumping up automobile tires, they were equally adapted for a great many other purposes, and were so used. It is quite evident that they were not originally designed for pumping up automobile tires, and it cannot be said that they are primarily adapted for that purpose, when they are equally adapted to so many other purposes. It is true that as the number of automobiles enormously increased, over sixty per cent. of plaintiff's sales of these pumps were made to dealers in automobile accessories, and probably were sold mostly for use on automobiles. But we do not think this was material. If this fact were controlling, and the tax were still a part of our revenue law, it would follow that if the taxpayer could show, as we have no doubt he could for recent years, that the air for automobile tires was now furnished by the filling stations from pressure tanks and air pumps were no longer sold or used for filling automobile tires with air, then and in such case the tax would not apply. But we do not think the application of the tax is to be wholly controlled by such a matter. In the case of Atwater Kent Mfg. Co. v. United States, 62 Ct. Cl. 419, this court held that "where the articles, as those we are concerned with, are applicable for use in different kinds of machines or appliances and are just as applicable to the one use as to the other they are not distinctively parts of automobiles so as to be taxable under these statutes."

In a number of other cases we have announced the same rule. The case of W. M. Dutton and Sons Co. v. United States, decided April 6, 1931, 48 F.(2d) 454, 456, 72 Ct. Cl. ——, was a case in which the tax on sales of air pumps was involved and similar to the case now under consideration in all of its essential features. In that case, the court said: "Under the uniform decisions of this court, and the decision of the Supreme Court in Universal Battery Co. Case, supra [281 U. S. 580, 50 S. Ct. 422, 74 L. Ed. 1051], the articles in question being equally adapted to a variety of uses, and commonly put to such uses, one of which is use in motor vehicles, cannot be considered as primarily adapted for use in motor vehicles."

It should be noted in this connection that the case differs from some others decided by this court in which it was found that the article involved was specially designed for use upon automobiles or in connection therewith. There was no such evidence in the case at bar. The pumps involved could be used without any change whatever for numerous other purposes.

We do not need to consider whether the rule above stated applied to the twenty-five pumps which were sold directly to automobile and truck manufacturers to go with machines to be exported, as these sales would be exempt.

It follows that plaintiff is entitled to recover all of the taxes paid on the sales of its pumps, except where barred by the statute of limitations, with interest thereon according to law. The amount of such taxes is shown in the findings. Judgment will be rendered accordingly.