## LAHER AUTO SPRING CO., Inc., v. UNITED STATES.

### No. K–458.

Court of Claims.
Dec. 4, 1933.

George A. King, of Washington, D. C. (King & King, of Washington, D. C., on the brief), for plaintiff.

James A. Cosgrove, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

GREEN, Judge.

This is a suit for the refund of $15,213.35 assessed and paid as excise taxes on the sale of steel springs manufactured by the plaintiff during the period April 1, 1920, to November 1, 1922. The evidence is not at all definite, but we have found that approximately 98 per cent. of the springs manufactured and sold by plaintiff during this period were primarily designed and specially adapted for use on automobiles. Approximately 2 per cent. were specially designed for some other purpose, such as locomotives, logging trucks, and possibly some other uses in very few numbers. About 5 per cent. of the springs designed for use on automobiles were sold for use on trailers, but, instead of being made in accordance with a design for that purpose, the trailers were made to conform to the springs. There were at the time no manufacturers of trailers and few in use. Such trailers as were then being built were constructed by blacksmiths who purchased the springs and made the trailers to fit them. The evidence fails to show in dollars and cents what proportion of plaintiff's sales of springs was of those designed for use on automobiles, and what proportion was of those designed for some other purpose.

Excise taxes on the sales of springs dur-

ing the period in question were paid by plaintiff in the amount of $22,377.60. Afterwards and on September 25, 1922, the Commissioner ruled that the springs upon which these taxes had been assessed and paid were not taxable as automobile parts or accessories. The amount paid was subsequently refunded to plaintiff, but in April, 1924, the Commissioner of Internal Revenue reversed his prior ruling in part and reassessed the taxes upon the sale of springs in the amount of $14,835.09, which amount, together with interest and penalty thereon, was paid by the plaintiff. Subsequently, plaintiff filed claims for refund, and the amounts and dates of these claims and the dates of the several rejections thereof are shown in the findings.

■ The first question to be determined in the case is whether sales of the springs which plaintiff manufactured were subject to tax as automobile parts or accessories. It appears from the findings that, while about 2 per cent. of the springs were designed for use on vehicles other than automobiles or automobile trucks, the remainder were designed or manufactured for the purpose of being used upon automobiles, and were primarily adapted for such use. They were therefore subject to the tax. See Universal Battery Co. v. United States, 281 U. S. 580, 50 S. Ct. 422, 74 L. Ed. 1051. It is true that the evidence also shows that about 5 per cent. of the springs manufactured and sold by the plaintiff were used on trailers, but they were not specially adapted for use on trailers. On the contrary, the trailers had to be adapted to the springs. The fact that the springs could be and were sometimes used for other purposes would not prevent the sales thereof being subject to the tax. Id.

■ As above stated, the evidence shows that about 2 per cent. of the springs manufactured and sold were designed for purposes not connected with automobiles, but there is nothing in the testimony from which the court could find even approximately the amount of the sales of such springs. When the Commission-

er recomputed the tax, he greatly reduced the amount originally assessed and collected and evidently omitted from the new assessment a large proportion of the sales on which the tax had been imposed in the first instance. The amount of reduction in the total of the tax was so great that it would seem to make an allowance even larger than was necessary to cover every possible contingency. But, however this may be, the burden was on the plaintiff to show that under the final assessment some sales were included that were not subject to the tax, and evidence is wholly lacking on that point.

■ The plaintiff also bases its suit on the fact that the Commissioner held the first assessment of the tax against the plaintiff on account of the sales in controversy was invalid and refunded to plaintiff the taxes so paid. It is contended that the action of the Commissioner constituted an account stated preventing the government from again assessing the taxes and collecting the amount thereof. We think the rules with reference to the effect of an account stated have no application to such a situation. If this ruling of the Commissioner and refunds made pursuant thereto can be held to be an account stated, a matter which we do not find necessary to decide, it was based on an error and mistake which are always held to be a sufficient ground for rescinding any statement made as to the condition of the account.

■ The plaintiff also contends that the Commissioner, having first ruled that the sales were not subject to tax, had no power to change his decision, but this court has held to the contrary in Oak Worsted Mills v. United States, 36 F. (2d) 529, 68 Ct. Cl. 539, 546, affirmed 282 U. S. 409, 51 S. Ct. 186, 75 L. Ed. 415.

Our decision upon these matters makes it unnecessary to consider any other features of plaintiff's claim or other defenses set up by the defendant. Plaintiff's petition must be dismissed and it is so ordered.