## DALTON & BALCH, Inc., v. UNITED STATES.

### No. K–372.

Court of Claims.

Nov. 5, 1934.

Geo. E. H. Goodner, of Washington, D. C., for plaintiff.

George H. Foster, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, & WHALEY, Judges.

728

John E. Hughes, of Chicago, Ill., for plaintiff.

James A. Cosgrove, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

WILLIAMS, Judge.

This is an automobile "parts or accessories" case. The rule as to what constitutes a part or accessory for an automobile is announced by the Supreme Court in Universal Battery Co. v. United States, 281 U. S. 580, 50 S. Ct. 422, 74 L. Ed. 1051, and has been uniformly followed by this and other courts in numerous cases, unnecessary to cite here.

The test is the primary adaptability of the article sought to be taxed for use in motor vehicles. If it is primarily adapted for such use, it is to be regarded as a part or accessory for an automobile even though there are other uses of the article for which it is not so well adapted. On the other hand, an article equally adapted to a variety of uses and commonly put to such uses, one of which is use in motor vehicles, cannot be so classified.

Plaintiff paid taxes on the sales of all its gears generally without reference to type, size, or purpose for which the particular gear was used. It is clear the gears sold to manufacturers of industrial machinery for use by them in the manufacture of their own products cannot be classified as parts or accessories for automobiles. Neither can the standard types of gears sold to jobbers, which were equally adapted to a variety of uses and commonly put to such uses, including use in motor vehicles, be so classified. Frost Gear & Forge Co. v. United States, 52 F.(2d) 1022, 73 Ct. Cl. 750. It is likewise clear that plaintiff's silent "D & B" timing gears listed in its various catalogues as replacement parts for automobiles were primarily adapted for that use and fall within the court's definition of "parts or accessories" for automobiles. Perfection Gear Co. v. United States, 41 F.(2d) 561, 70 Ct. Cl. 422.

The taxes having been paid on sales of gears generally, some of which were taxable as parts or accessories for automobiles, and some of which were not, plaintiff can recover only such amount as has been shown, with a reasonable degree of accuracy, to have been paid on sales of gears not subject to the tax.

Plaintiff kept no record of the particular types of gears comprising the various sales upon which the taxes were paid other than the original invoices of sales. These have been lost or destroyed and plaintiff has not been able from its books and records to make a detailed segregation of the gears sold. There is no other proof upon which such segregation can be made with any reasonable certainty. There is, therefore, no satisfactory proof upon which a finding can be made as to the total amount of the taxes paid by plaintiff on sales of gears other than those primarily adapted for use on automobiles. It is, however, clearly established by parol testimony that 60 per cent. of the sales upon which the taxes were paid was made to manufacturers of industrial machinery. It is further shown that many of the gears sold to manufacturers were larger and more expensive than the standard types of similar gears sold to jobbers. It is evident that at least 60 per cent. of the taxes involved was paid on sales of gears to manufacturers, and we have so found. None of these gears were primarily adapted for use on automobiles, and the plaintiff is entitled to recover the amount of the taxes paid on such sales.

The remaining 40 per cent. of the taxes was paid on sales of gears to jobbers. These sales included both gears primarily adapted for use on automobiles and gears not primarily adapted to such use. As has been stated, plaintiff made no segregation on its books and records of the types of gears included in any of the various sales upon which the taxes were paid. The parol testimony of the case fails to establish with the reasonable certainty required to support a finding the exact amount, or even the approximate amount, of the taxes paid on sales of gears to jobbers, other than such as were primarily adapted for use on automobiles. This failure of proof precludes recovery of any part of the taxes paid by plaintiff on sales of gears to jobbers.

Plaintiff is entitled to recover only the amount of the taxes paid on sales of gears to manufacturers, which is 60 per cent. of the respective monthly payments set out in finding 2, amounting in all to $22,500.12.

It is therefore ordered that judgment be awarded plaintiff in the sum of $22,500.12, with interest as provided by law.