**KAMCO, Inc., v. UNITED STATES.**

No. H–386.

Court of Claims.

April 8, 1935.

George M. Morris, of Washington, D. C. (Harry C. Kinne, of Chicago, Ill., and Morris, Kix Miller & Baar, of Washington, D. C., on the brief), for plaintiff.

James A. Cosgrove, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

WILLIAMS, Judge.

The taxes sought to be recovered in this suit, with interest thereon, were paid by plaintiff in monthly installments during the period January 25, 1921, to January 26, 1925, upon the sales of mirrors and mirror brackets manufactured and sold by the plaintiff to persons other than manufacturers of automobiles. The payments were made as excise taxes levied on the sale of automobile accessories under section 900 (3) of the Revenue Act of 1921, 42 Stat. 291, and section 600 (3) of the Revenue Act of 1924, 26 USCA § 881 note, which sections are identical except as to the rate of tax imposed.

The basis of the claim is that the mirrors and mirror brackets manufactured and sold by the plaintiff are not parts or accessories for automobiles within the meaning of the taxing acts.

The controlling statutes, together with the relevant Treasury Regulations, were considered by the Supreme Court in Universal Battery Co. v. United States, 281 U. S. 580, 50 S. Ct. 422, 423, 74 L. Ed. 1051. The court, in upholding the validity of the administrative regulations defining the term "accessories" as any article designed to be attached to or used in connection with such vehicle or article to add to its utility or ornamentation, or any article which is primarily adapted for use in connection with such vehicle or article whether or not essential to its operation or use, said: "Certainly it would be unreasonable to hold that articles equally adapted to a variety of uses and commonly put to such uses, one of which is use in motor vehicles, must be classified as parts or accessories for such vehicles. And it would be also unreasonable to hold that articles can be so classified only where they are adapted solely for use in motor vehicles and are exclusively so used. Magone v. Wiederer, 159 U. S. 555, 559, 16 S. Ct. 122, 40 L. Ed. 258. We think the view taken in the administrative regulations is reasonable and should be upheld. It is that articles primarily adapted for use in motor vehicles are to be regarded as parts or accessories of such vehicles, even though there has been some other use of the articles for which they are not so well adapted."

The rule thus clearly stated by the Supreme Court definitely settles the law of the case and limits the issue solely to questions of fact: Were the mirrors and mirror brackets manufactured, advertised for sale, and sold by the plaintiff, primarily adapted for use on motor vehicles, or were they, as the plaintiff contends, articles equally adapted to a variety of uses and commonly put to such uses, one of which is use on motor vehicles?

We have carefully considered the evidence submitted, particularly the oral testimony upon which the plaintiff mainly relies, and have reached the conclusion, and found as a fact, that the mirrors and mirror brackets involved were of standard types designed for use as accessories in automobiles and automobile trucks, and were primarily adapted for such use. This finding precludes recovery by the plaintiff. The petition is therefore necessarily dismissed.

It is so ordered.