## UNITED STATES GEAR CORPORATION v. UNITED STATES.
### No. H–455.

Court of Claims.
June 1, 1936.

George M. Morris, of Washington, D. C. (Morris, Kix Miller & Baar, of Washington, D. C., and Bisbee, McKone, Wilson, King & Kendall, of Jackson, Mich., on the brief), for plaintiff.

James A. Cosgrove, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

BOOTH, Chief Justice.

This tax case involves an issue of fact. The suit is brought under the provisions of subdivision 3 of section 900 of the Revenue Acts of 1918 and 1921, and subdivision 3 of section 600 of the Revenue Act of 1924 (43 Stat. 322). The acts of 1918 and 1921 (40 Stat. 1122; 42 Stat. 291) are in part as follows:

"Sec. 900. That * * * there shall be levied, assessed, collected, and paid upon the following articles sold or leased by the manufacturer, producer, or importer, a tax equivalent to the following percentages of the price for which so sold or leased—

"(1) Automobile trucks and automobile wagons (including tires, inner tubes, parts, and accessories therefor, sold on or in connection therewith or with the sale thereof), 3 per centum;

"(2) Other automobiles and motorcycles (including tires, inner tubes, parts, and accessories therefor, sold on or in connection therewith or with the sale thereof), except tractors, 5 per centum; .

"(3) Tires, inner tubes, parts, or accessories for any of the articles enumerated in subdivision (1) or (2), sold to any person other than a manufacturer or producer of any of the articles enumerated in subdivision (1) or (2), 5 per centum."

Section 600 of the Revenue Act of 1924 (43 Stat. 253, 322) reads as follows:

"Sec. 600. On and after the expiration of thirty days after the enactment of this Act there shall be levied, assessed, collected, and paid upon the following articles sold or leased by the manufacturer, producer, or importer, a tax equivalent to the following percentage of the price for which so sold or leased—

"(1) Automobile truck chassis and automobile wagon chassis sold or leased for an amount in excess of $1,000, and automobile truck bodies and automobile wagon bodies sold or leased for an amount in excess of $200 (including in both cases tires, inner tubes, parts, and accessories therefor sold on or in connection therewith or with the sale thereof), 3 per centum. A sale or lease of an automobile truck or of an automobile wagon shall, for the purposes of this subdivision, be considered to be a sale of the chassis and of the body;

"(2) Other automobile chassis and bodies and motorcycles (including tires, inner tubes, parts, and accessories therefor sold on or in connection therewith or with the sale thereof), except tractors, 5 per centum. A sale or lease of an automobile shall, for the purposes of this subdivision, be considered to be a sale of the chassis and of the body;

"(3) Tires, inner tubes, parts, or accessories for any of the articles enumerated in subdivision (1) or (2), sold to any person other than a manufacturer or producer of any of the articles enumerated in subdivision (1) or (2), 2½ per centum. This subdivision shall not apply to chassis or bodies for automobile trucks, automobile wagons, or other automobiles."

No jurisdictional issue is involved. The payment of the excise taxes is conceded, and timely refund claims were filed by the plaintiff. The judgment sought is for $26,412.70 and interest.

The case is disposed of by the findings, and an opinion in the case would not be necessary were it not for the fact that the plaintiff, in connection with other contentions, insists that the gears involved in this case are of the same type and in many respects identical to the gears involved in the case of Frost Gear & Forge Co. v. United States, 52 F.(2d) 1022, 73 Ct.Cl. 750, for which plaintiff recovered a judgment under the statutes relied upon here.

This case and all similar cases must be adjudicated upon the facts of record. It is true that in the Frost Gear & Forge Company Case, supra, the gears involved were similar and in many instances identical in type and construction to the gears in this case. There is, however, in this case a volume of proof pertinent and convincing, emanating from a source which cannot be questioned as to its worth, which should have been, but was not, in the record in the Frost Gear & Forge Case.

This record develops the scientific fact that an automobile gear is indispensably one which must be primarily adapted for use in such a mechanism. It is true, of course, that such a gear may under certain conditions be used in other mechanisms when they are adapted for its use, but the demand for such a gear is in no sense commensurate with the demand for its use in automobiles. The fact that one gear may be used interchangeably in different mechanisms does not of itself determine the primary purpose of its manufacture.

It would be difficult, if not impossible, to state as a fact that the gears employed in automobiles may not under any and all circumstances be used in any other mech-

70

anism. 'As was said by the Supreme Court in the Universal Battery Co. v. United States, 281 U.S. 580, 583, 584, 50 S.Ct. 422, 423, 74 L.Ed. 1051:

"Certainly it would be unreasonable to hold that articles equally adapted to a variety of uses and commonly put to such uses, one of which is use in motor vehicles, must be classified as parts or accessories for such vehicles. And it would be also unreasonable to hold that articles can be so classified only where they are adapted solely for use in motor vehicles and are exclusively so used. Magone v. Wiederer, 159 U.S. 555, 559, 16 S.Ct. 122, 40 L.Ed. 258. * * * It is that articles primarily adapted for use in motor vehicles are to be regarded as parts or accessories of such vehicles, even though there has been some other use of the articles for which they are not so well adapted."

While the evidence in this case is somewhat conflicting, and rather sharp differences as to matters of fact obtain, the record does establish the fact that the type of gear taxed was not commonly put to a use other than in motor vehicles, and while adapted for use in other mechanisms their use depended to such an extent upon the identity of the mechanism in which they were to be used as to preclude the possibility of finding it to be a common use. Expert and disinterested testimony, predicated upon actual experience of many years in the automotive industry, we think confirms the findings, and the petition will be dismissed. It is so ordered.

WHALEY, WILLIAMS, and GREEN, Judges, concur.

LITTLETON, Judge, dissents.