**TRANSAIRCO, INC., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 72–374.**

United States District Court, S. D. Ohio, E. D.

Nov. 13, 1973.

Edmund D. Doyle, Porter, Stanley, Platt & Arthur, Columbus, Ohio, for plaintiff.

David J. Curtin, Tax Div., U. S. Dept. of Justice, Washington, D. C., for defendant.

## FINDINGS OF FACT, OPINION, AND CONCLUSIONS OF LAW

CARL B. RUBIN, District Judge.

This matter is before the Court following trial, submission of memoranda and proposed findings of fact and conclusions of law. In accordance with Rule 52 of the Federal Rules of Civil Procedure the Court does file herewith its Findings of Fact and Conclusions of Law.

I

FINDINGS OF FACT

1.

The plaintiff Transairco, Inc. is a corporation organized and existing under the laws of the State of Delaware with a manufacturing plant and place of busi-

ness in Delaware, Ohio. Tax returns for payment of excise tax (Section 4061, Internal Revenue Code of 1954) were filed by plaintiff in all of the quarters beginning June 30, 1966, through December 31, 1968. The amount of tax shown on the return for each quarter was paid. Additional excise taxes, including interest and penalties for each of the aforementioned quarters were assessed by the Internal Revenue Service on December 4, 1970.

On April 9, 1971 and June 11, 1971, the plaintiff paid the additional tax assessed including interest and penalty. On March 13, 1972 plaintiff timely filed three claims for refunds covering those quarters which ended June 30, 1966 to December 31, 1968. Each of such claims was disallowed by Internal Revenue Service. The complaint herein was filed October 4, 1972, seeking refund of $21,139.46. All steps requisite to invoking this Court's jurisdiction have been taken by each party and the matter is properly before the Court.

### 2.

During the quarters in question, Transairco manufactured and sold an aerial device known as "The Skyworker." The Skyworker apparatus consists of a combination of mechanical and hydraulic features. The base is mounted usually on a truck chassis and involved the use of a rotatable turret to which are attached two booms designated as a lower boom and an upper boom. To the outer end of the upper boom is pivotally attached a fiberglass bucket or platform in which the operator stands and from which he performs his work. The controls for the operation of the Skyworker are located in or on the bucket, enabling the operator to move the bucket to any desired position within the limits of his reach or maneuverability. The Skyworker unit is equipped with a reservoir and pump which creates the necessary pressure and volume of oil to actuate the boom and turret. While the great majority of Skyworkers are mounted upon truck chassis for mobility, it is not nec-

essary that they be so affixed, and some units have been mounted upon off-road equipment (Plaintiff's Exhibit 8) and upon tractor-type vehicles (Plaintiff's Exhibit 9).

### 3.

Since the greatest utility of operation includes a mobile platform, a means must be found to stabilize such a platform when the Skyworker is extended. In smaller models where the extended boom does not exceed 25 ft., the weight of the truck itself will counteract the tipping tendency of an extended boom (Plaintiff's Exhibit 5). A stable platform may also be provided by locking the truck chassis to the springs with a "front spring lockout" (Plaintiff's Exhibits 15 and 16) and by a rigid bar apparatus on the rear springs (Plaintiff's Exhibit 17). Both of the foregoing devices eliminate or minimize the inherent instability of any truck chassis which rests upon elliptical springs. These devices are practical only where the combined booms do not exceed thirty-five feet. In the instances where the truck itself is used for stabilizing purposes, and where the front spring lockout and rigid bar are used, the mobility of the vehicle is not affected. Neither of the foregoing situations are involved herein.

### 4.

Booms exceeding thirty-five feet in length to be operable and safe require hydraulically actuated outriggers which may be added to the truck chassis either at a 90° angle from the axis of the truck (Plaintiff's Exhibits 8 and 12) or at a 45° angle (Plaintiff's Exhibit 9). In the largest model two sets of outriggers are required (Plaintiff's Exhibit 3). These outriggers are positioned either by the vehicle motor with a power take-off or by the motor which operates the boom itself. The outriggers act both to level the truck body on uneven ground and to provide additional stability to the platform. Extended outriggers remove the weight of the platform and boom from the truck springs and convert it

into a stationary platform. In distinction to the other methods of stability listed in Finding of Fact 3, a truck is not operable with the outriggers extended. Skyworkers more than thirty-five feet in length cannot be used without outriggers; outriggers perform no unrelated Skyworker function. During the quarters in question, no excise tax was charged by Transairco on outriggers installed. It is this excise tax upon such installations that plaintiff disputes.

## 5.

Interpretation of Sections 4061(a) and 4061(b) of the Internal Revenue Code will determine the taxability of the outrigger assembly. The pertinent portions of such sections are as follows:

*Sec. 4061. Imposition of Tax.*

(a) *Automobiles.*—There is hereby imposed upon the following articles (including in each case parts or accessories therefor sold on or in connection therewith or with the sale thereof) sold by the manufacturer, producer, or importer a tax equivalent to the specified percent of the price for which so sold:

\*　　\*　　\*　　\*　　\*　　\*

(b) [as amended by Sec. 201(b)(2) Excise Tax Reduction Act of 1965, *supra*]

*Parts and Accessories.*—

(1) Except as provided in paragraph (2), there is hereby imposed upon parts or accessories (other than tires and inner tubes) for any of the articles enumerated in subsection (a)(1) sold by the manufacturer, producer, or importer a tax equivalent to 8 percent of the price for which so sold, except that on and after October 1, 1972, the rate shall be 5 percent.

## 6.

While many, if not most, uses of the Skyworker equipment are incidental to highway-related items, i. e., traffic control devices, highway lighting, etc., its uses are not inherently nor exclusively highway-related. The Skyworker is basically a device for placing a workman in a maneuverable environment thirty-five or more feet horizontally or vertically from a stationary, rotatable platform.

## II

## OPINION

There is an ancient fable concerning blind men who approached an elephant and came to differing conclusions regarding its shape depending upon which portion of the elephant that blind man touched. While the Court is unable to provide an authoritative citation to this fable, it can draw upon its moral. Plaintiffs and defendant each confronted with the same mechanical device logically reason to differing conclusions based upon their respective starting points.

The total device in question consists of a truck chassis, attached outriggers, attached rotating platform, two booms and a bucket. Plaintiff agrees that the truck chassis is subject to excise tax, defendant concedes that the bucket, booms, and rotating platform are not. At some point between the platform and the outriggers apparently tax liability may attach. The Court must, therefore, decide whether the outriggers are a portion of the Skyworker and not taxable or "parts and accessories" sold on or in connection with an automobile truck chassis and hence, taxable.

The well-reasoned opinion of The Honorable Carl O. Bue, Jr., in the case of Big Three Industrial Gas & Equipment Company v. United States, 329 F.Supp. 1273 (S.D.Texas 1971) aff'd per curiam, 459 F.2d 1042 (5th Cir. 1972), seems to be of most assistance in determining this issue. In considering paragraphs 4061(a) and (b) of the Internal Revenue Code of 1954, Judge Bue considers the "incidental use" or "primary design" of the item in question. In holding that the primary design test is a correct legal standard, the Court cites Southwest Wheel & Manufacturing Company v. United States,

304 F.Supp. 225 (N.D.Texas 1969), Revenue Ruling 64–241, and Universal Battery Company v. United States, 281 U.S. 580, 50 S.Ct. 422, 74 L.Ed. 1051 (1929). Specifically, Judge Bue utilized the following test:

> " . . . vehicles designed or adapted for purposes primarily or predominantly other than for the transportation of persons or property on the highway, even though incidental highway use may occur, are not subject to the manufacturer's excise tax . . . ."

See also Rex Chainbelt, Inc. v. United States, 29 Am.Fed. Tax R.2d 72–1597 (1971). Logically, the same test should apply in determining whether a "part or accessory" of a vehicle would likewise be taxable. Accordingly, this Court holds that those parts or accessories designed or adapted for purposes primarily or predominantly other than for the transportation of persons or property on the highway, even though incidental highway use may occur, are not subject to the manufacturer's excise tax.

 It is difficult indeed to separate the large Skyworkers from the outriggers. Just as such equipment could not function without an extendable boom, neither could it function without a stable platform. The sole and exclusive purpose of outriggers is to stablize the platform on uneven ground and to counteract vehicle springs. The latter is somewhat less important than the former. A moving vehicle could be designed without springs. It could carry a Skyworker. It would be poorly designed, expensive to maintain, and difficult to control. But by the simple laws of physics, it could not by itself counteract all fully extended Skyworker booms. If a truck chassis could function as such without outriggers but the Skyworker booms involved herein could not function as such without them, the conclusion is inescapable that the outriggers are designed as part of the Skyworker and not taxable, rather than as part of the truck chassis and thereby taxable. The connection of outriggers to the chassis is only incidental and not intended for the purpose, primarily or predominantly, of transporting persons or property on the highway.

### III

### CONCLUSIONS OF LAW

#### A.

This Court has jurisdiction in accordance with 28 U.S.C. § 1346(a)(1).

#### B.

The outrigger assembly installed by plaintiff upon automobile truck chassis used to transport the Skyworker device are not parts or accessories sold on or in connection therewith as defined in Sections 4061(a) and 4061(b) of the Internal Revenue Code.

#### C.

Plaintiff was not required to pay a manufacturer's excise tax on such outrigger assemblies and is entitled to return of all sums so paid including interest and penalty, together with interest thereon from the date of payment.