## ANTHONY CO. v. UNITED STATES.

### No. H–447.

Court of Claims.

March 7, 1932.

George M. Wilmeth, of Washington, D. C., for plaintiff.

Ralph C. Williamson, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

GREEN, Judge.

The opening sentence of the brief of defendant in support of its motion for new trial is not clear. We assume that there has been a misprint in some part of it, and that counsel who prepared the brief intended thereby to express his opinion that the court had not given full effect to the rule that the burden of proof was upon the plaintiff to show that the articles taxed as automobile accessories were not such in fact. As so construed, the statement is proper in argument, but a reading of the matters cited to support the statement shows clearly that it has no foundation. It is further stated that the court found that the air pumps in question had been used on many different kinds of apparatus other than automobiles and that there was no proof in the record to justify such a finding. Neither of these statements is correct. The court made no such finding, although the evidence would have justified it. What the court found·in substance was that air pumps similar in style and design were manufactured and used before automobiles were constructed, and that the air pumps in question were equally adaptable for use with many different kinds of apparatus other than automobiles. The evidence would have justified the court in going much further. A manager of a concern which dealt only in bicycles and accessories thereto testified that he had used and sold these pumps to dealers in bicycles and bicycle riders ever since the Anthony Company had started, although they were not made to be carried with a bicycle. Other dealers testified with reference to the use of the pumps for inflating bicycle tires, pneumatic cushions, kerosene stoves, spraying devices, etc. The evidence was overwhelming and uncontradicted that the pumps in question were equally adapted for all these uses and needed no change or addi-

tional part to be so used. The plaintiff advertised this pump, claiming a superiority in various respects, especially in efficiency and stating that it was "the best pump in America," and "America's best tire pump," not distinguishing between bicycle tires and automobile tires. The pictures of the pump which were part of the evidence showed that the pump was constructed on the same principle as air pumps used before the advent of automobiles, and there was also testimony to that effect. The proof was ample that pumps of the kind that plaintiff manufactured were not primarily designed for use upon automobiles.

Coming now to the question of the burden of proof and the rules with reference to it, it may be said that this matter has heretofore appeared so clear to the court that it is possible that it has not been fully stated in any of the previous opinions, although an examination of the opinions and the facts on which they were based will show that all are in complete accord. The correct rule is a very simple one. It is that the burden of proof in the class of cases such as we are now considering is upon the plaintiff to establish by a preponderance of the evidence that the article in question is not primarily designed for, or specially adapted to, use upon automobiles. Where the article in question was made before the advent of automobiles, and the article taxed is similar in design and principle without any substantial change, this may be said to show that the article was not primarily designed for use upon automobiles, but this alone is not sufficient if it further appears that the article is in fact used upon or in connection with automobiles; for, although not primarily designed for that purpose, it may have been in some way specially adapted to be so used. As to what further evidence would be necessary, the Supreme Court has said in Universal Battery Co. v. United States, 281 U. S. 580, 583, 584, 50 S. Ct. 422, 423, 74 L. Ed. 1051: "Certainly it would be unreasonable to hold that articles equally adapted to a variety of uses and commonly put to such uses, one of which is use in motor vehicles, must be classified as parts or accessories for such vehicles."

As it seems to be contended by defendant that some additional evidence would be requisite on plaintiff's part to show that the article in question was not specially adapted for use upon automobiles, the meaning of the words "equally adapted" should be considered. If the article was "equally adapted" for a variety of uses, obviously it could not be "specially adapted" for use upon automobiles. Therefore a finding that the article was "equally adapted" for other uses, and is commonly so used, is equivalent to a finding that it was not "specially adapted" for use on automobiles.

On the other hand, where it is found that the article in question was so advertised or sold as to amount to a claim on the part of the manufacturers that it was specially adapted for automobiles in general, or for some particular make of automobile, and there is no evidence to the contrary, it has been held subject to the tax.

It is especially urged on behalf of the defendant that the question of whether or not an article is an automobile accessory depends on the relative quantity thereof used in connection with automobiles and used for other purposes, or, as stated in the brief of defendant, the matter of the "primary adaptability of the air pumps is to be determined with reference to the percentage of the sum total of air pressure made use of for various commercial purposes." But this is not the rule. Evidence as to the proportionate number used is relevant but not at all controlling —in fact, it is of comparatively little weight. If the rule were otherwise, then the mere fact that somewhere from ten to fifty times as many spark plugs are used in automobiles as for all other purposes combined would be sufficient by itself to show that they were to be regarded as an automobile accessory. Counsel cite a number of decisions of this court as sustaining the contention of the defendant. It would unduly extend this opinion to comment upon all of them, but special reliance seems to be made upon two cases, the Fairmount Tool Co. v. United States, 42 F.(2d) 591, 70 Ct. Cl. 425, and the Autoquip Mfg. Co. v. United States, 68 Ct. Cl. 362. In the Fairmount Tool Co. Case, the articles to which the tax was applied were certain "kits" of tools which had been put up in such form as to make these "kits" specially adapted for use in connection with automobiles, and they were so advertised by the manufacturer. When so sold they were held taxable, although it is manifest that, if the tools contained in these "kits" had been sold separately, they would not have been taxable, for, considered singly, they were equally adapted to many other uses. In other words, it was the "kit" which was taxed as an automobile

accessory. In the Autoquip Mfg. Co. Case, the evidence showed that the pumps in question were specially adapted for use by automobile operators and were so constructed as to be carried in an automobile as a part of the tool equipment. It is apparent that these cases were decided in accordance with the rules above stated.

The motion for new trial must be overruled, and it is so ordered.