**INLAND PUMP MFG. CO. v. UNITED STATES.**

No. L-388.

Court of Claims.

June 6, 1932.

This case having been heard by the Court of Claims, the court, upon the evidence adduced makes the following special findings of fact:

Plaintiff is a corporation and during the period involved in this case was engaged in the manufacture and sale of air pumps.

During the period from June 12, 1923, to March 2, 1926, plaintiff paid to the United States manufacturer's excise taxes upon the sales of the air pumps in question. Said taxes were paid in the following amounts and on the following dates:

| | |
|---|---|
| $ 88.86 | June 12, 1923. |
| 4.44 | January 23, 1924. |
| .31 | January 23, 1924. |
| 85.78 | June 23, 1923. |
| 104.63 | July 19, 1923. |
| 87.80 | August 25, 1923. |
| 52.45 | September 21, 1923. |
| 50.79 | October 31, 1923. |
| 31.87 | November 21, 1923. |
| 10.33 | December 19, 1923. |
| 12.06 | January 18, 1924. |
| 59.65 | February 28, 1924. |
| 161.63 | March 26, 1924. |
| 96.48 | May 3, 1924. |
| 135.79 | May 20, 1924. |
| 8.89 | June 18, 1924. |
| 10.57 | July 29, 1924. |
| 34.30 | August 26, 1924. |
| 20.43 | September 20, 1924. |
| 36.08 | October 14, 1924. |
| 11.76 | December 9, 1924. |
| 17.85 | December 18, 1924. |
| 45.00 | January 15, 1925. |
| 2.50 | February 6, 1925. |
| 34.53 | March 26, 1925. |
| 23.20 | April 10, 1925. |
| 3.02 | April 30, 1925. |
| 55.83 | May 16, 1925. |
| 38.71 | June 11, 1925. |
| 17.88 | July 9, 1925. |
| 30.24 | August 18, 1925. |
| 26.00 | September 12, 1925. |
| 31.06 | October 13, 1925. |
| 32.83 | November 25, 1925. |
| 6.80 | December 17, 1925. |
| 40.22 | January 22, 1926. |
| 81.77 | February 26, 1926. |
| 29.15 | March 22, 1926. |

In April, 1923, the Commissioner of Internal Revenue made an additional assessment in the total amount of $2,101.58 against the plaintiff, said assessment being for excise taxes on account of sales of said pumps for the period January, 1920, to February, 1923. The items which make up said total are as follows:

| | |
|---|---|
| Excise taxes | $1,636.65 |
| Penalty | 81.83 |
| Interest | 383.10 |

Plaintiff paid the United States, on the dates set forth, the additional taxes assessed as follows:

| | |
|---|---|
| $125.00 | May 1, 1924. |
| 125.00 | June 4, 1924. |
| 50.00 | October 4, 1924. |
| 500.00 | May 11, 1926. |
| 50.00 | May 20, 1926. |
| 50.00 | July 8, 1926. |
| 50.00 | August 18, 1926. |
| 50.00 | October 4, 1926. |
| 50.00 | March 11, 1927. |
| 165.51 | January 18, 1928. |
| 50.00 | February 23, 1928. |
| 50.00 | April 16, 1928. |
| 50.00 | May 15, 1928. |
| 50.00 | June 15, 1928. |
| 50.00 | July 26, 1928. |
| 50.00 | September 10, 1928. |
| 50.00 | September 18, 1928. |
| 50.00 | October 19, 1928. |
| 21.14 | November 15, 1928. |

On December 5, 1928, plaintiff paid the United States $182.75 in pursuance of an offer in compromise, accepted by the Commissioner of Internal Revenue and approved by the Secretary of the Treasury, in full satisfaction of the penalty of $81.83 and interest of $383.10 assessed in April, 1923. The amount of taxes, together with the amount of $182.75 accepted in compromise in satisfaction of the penalty and interest assessed in April, 1923, paid by the plaintiff between the dates May 21, 1924, and December 5, 1928, the period for which plaintiff seeks recovery, is $2,333.02. The amount of said taxes paid after May 21, 1925, exclusive of the amount paid in compromise on December 5, 1928, is $1,671.31.

On May 21, 1929, plaintiff filed a claim for refund of said excise taxes paid during the period from June, 1923, to November, 1928, including the $182.75 paid in compromise of penalty and interest on December 5, 1928, in the total amount $3,490.91. The grounds of the claim for refund were, in substance, that the air pumps manufactured and sold by plaintiff were not automobile accessories, and that consequently the tax upon the sale thereof had been illegally collected. This claim for refund was denied by the Commissioner.

The air pumps manufactured by plaintiff, the sale of which was taxed as shown above, could be and were used for many different purposes, including the inflating of automobile tires, and were sold to jobbers and dealers generally, but the plaintiff has failed to show by the preponderance of the evidence that they were neither primarily designed nor specially adapted for use upon or in connection with automobiles.

John E. Hughes, of Chicago, Ill., for plaintiff.

Ralph C. Williamson, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, WHALEY, WILLIAMS, and LITTLETON, Judges.

GREEN, Judge.

Plaintiff is a corporation, and at the time involved in this case was engaged in the manufacture and sale of air pumps. In its petition it asks for the recovery of excise taxes in the sum of $2,508.02 which had been assessed and collected from it on sales of air pumps as accessories for automobiles.

The evidence in the case is quite conflicting. Two experts testified—one for plaintiff and one for defendant—and it is impossible to reconcile their respective conclusions. It also appeared that the original patent under which the pumps were manufactured stated that the invention related more particularly to the type of pumps used for inflating the tires of automobiles, and that one object of the invention was to provide a tire pump which might readily be attached to the running board or other rigid portion of the frame of a vehicle. The pumps were advertised in mail order catalogues as automobile tire pumps, but they were also used and bought for other purposes. The burden of proof was upon the plaintiff to establish by a preponderance of the evidence that the pumps in controversy were neither primarily designed for use upon automobiles nor specially adapted for that purpose. See supplemental opinion in the case of Anthony Co. v. United States, 56 F. (2d) 481, decided by this court March 7, 1932. The findings of fact show and from all of the evidence we have concluded, that the plaintiff has failed to sustain this burden.

It follows that judgment must be rendered dismissing the petition, and it is so ordered.