**EATON, Collector of Internal Revenue, v. AMERICAN CHAIN CO. (3 cases).**

**No. 179.**

Circuit Court of Appeals, Second Circuit.

March 6, 1933.

John·Buckley, U. S. Atty., and George H. Cohen, Asst. U. S. Atty., both of Hartford, Conn., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and E. F. McMahon, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for appellant.

Chester I. Long, Peter Q. Nyce, and Charles P. Swindler, all of Washington, D. C., and David S. Day, of Bridgeport, Conn., for appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

These three consolidated causes resulted below in judgments for refunds of manufacturer's excise taxes, amounting to $640,508.-43, paid on the manufacture and sale of Weed chains, a product of the appellee. The tax was imposed under the terms of section 900 (3) of the Revenue Act of 1921 (42 Stat. 291) and section 600 (3) of the Revenue Act of 1924 (26 USCA § 881 note) for the periods of July, 1922, to July 1924. The taxing statute requires a monthly return. The 1921 act provides: "That from and after January 1, 1922, there shall be levied, assessed, collected, and paid upon the following articles sold or leased by the manufacturer, producer, or importer, a tax equivalent to the following percentages of the price for which so sold or leased—(1) Automobile trucks and automobile wagons; * * * (2) other automobiles and motor cycles * * * except tractors; * * * (3) tires, inner tubes, parts, or accessories for any of the articles enumerated in subdivision (1) or (2), sold to any person other than a manufacturer or producer of any of the articles enumerated in subdivision (1) or (2). * * * "

The Act of 1924 (26 USCA § 881 note) reads: "On and after the expiration of thirty days after the enactment of this act there shall be levied, assessed, collected, and paid upon the following articles sold or leased by the manufacturer, producer, or importer, a tax equivalent to the following percentage of the price for which so sold or leased—(1) Automobile truck chassis and automobile wagon chassis; * * * (2) other automobile chassis and bodies and motor cycles; * * * (3) tires, inner tubes, parts, or accessories for any of the articles enumerated in subdivision (1) or (2), sold to any person other than a manufacturer or producer of any of the articles enumerated in subdivision (1) or (2), 2½ per centum. This subdivision shall not apply to chassis or bodies for automobile trucks, automobile wagons, or other automobiles. * * * "

Appellee manufactures Weed chains and the sales taxed were made to others than manufacturers of automobile trucks, automobiles, and motorcycles—to jobbers and distributors. The tax was imposed only where the purchaser did not indicate the purchase was being made for a nontaxable use and was imposed in conformity with articles 15 and 16 of Regulation 47 promulgated by the Treasury Department. These regulations, in substance, defined accessories as articles designed to be attached to and used in connection with automotive vehicles, referred to in subdivisions (1) and (2) of each act, to add to their utility or ornamentation, and which are primarily adapted for use in connection with such vehicles whether or not essential to their operation. The Weed chains were advertised by the appellee to the public as adapted for and meeting the essential requirements of every known make of automobile and autotruck, and the Commissioner found them to be accessories. No tax was imposed by the jobber or distributor when he sold to the dealer who in turn sold to the user. The chains were patented and were designed and primarily adapted for automobile use. Later, when the automobile truck came into use, they were redesigned and adapted for use on trucks. Appellees have classified their chains as "truck chains," "Weed Regulars," and "Weed Regular Cord Chains." Some chains were usable by tractors and fire trucks, but their use was chiefly for automobiles and automobile trucks. The tax is imposed as a revenue raising measure.

█ It is true, if there is a doubt as to the taxpayer's liability, it should be resolved in his favor. American-La France Fire Engine Co. v. Riordan, 6 F.(2d) 964 (C. C. A. 2). Still, the purpose of the statutes must be given full effect, if possible, and the claim of exemption from taxation must be clear enough. Bank of Commerce v. Tenn., 161 U. S. 134, 16 S. Ct. 456, 40 L. Ed. 645. The scheme of the statute seems clear. The 1921 act and the 1924 act both show an intent by Congress to tax, first automobile trucks and automobile wagons and accessories therefor, sold on or in connection therewith and with the sale thereof at a fixed rate of 3 per cent.; second, other automobiles and motorcycles including the accessories sold on or in connection therewith and with the sale, except tractors, 5 per cent.; and, third, it imposes the tax when the parts and accessories are sold unattached, 5 per cent. In each instance the tax is imposed upon the manufacturer or the producer of the articles enumerated. If the chains are ac-

cessories, it is clear that Congress imposed a tax upon them when sold by this manufacturer.

The patent rights secured from the United States clearly specify that the chains were adaptable for use on automobiles to prevent skidding. They were described as primarily useful for this purpose. If Congress had intended to give exemption to such an accessory to an automobile, it would have so stated as it did in the case of tractors by reference in the statute, or it would have limited the language of the statute so as to afford clearly an exemption therefor, but it used the words "parts or accessories." The use of such generic words intended, we think, that they should be given a broad signification to effectuate the purposes of the statute. Worth Bros. Co. v. Lederer, 251 U. S. 507, 40 S. Ct. 282, 64 L. Ed. 377; Forged Steel Wheel Co. v. Lewellyn, 251 U. S. 511, 40 S. Ct. 285, 64 L. Ed. 380. In Universal Battery Co. v. United States, 281 U. S. 580, 50 S. Ct. 422, 423, 74 L. Ed. 1051, speaking of the statute, the court said:

"Thus the scheme of taxation embodied in these provisions centers around the motor vehicles enumerated therein. Their sale is the principal thing that is taxed, and the sale of parts and accessories 'for' such vehicles is taxed because the parts and accessories are within the same field with the vehicles and used to the same ends."

The Supreme Court referred to Regulations 47 of the Commissioner with approval, saying:

"The regulations also have construed the term 'accessory' as meaning any article designed to be used in connection with such vehicle to add to its utility or ornamentation and which is primarily adapted for such use, whether or not essential to the operation of the vehicle.

█ "This construction of those terms has been adhered to in the Internal Revenue Bureau for about ten years, and it ought not to be disturbed now unless it be plainly wrong. We think it is not so, but is an admissible construction. * * * We think the view taken in the administrative regulations is reasonable and should be upheld. It is that articles primarily adapted for use in motor vehicles are to be regarded as parts or accessories of such vehicles, even though there has been some other use of the articles for which they are not so well adapted."

█ It cannot be seriously doubted that the Weed chains made under the circumstances described were designed and primarily adapt-

ed for use in automobile trucks, wagons, other automobiles, and motorcycles. The testimony establishes that the Weed chains were designed, adapted, and advertised to meet the essential requirements of automotive power vehicles, and were necessary to the accomplishment of their functions. In a fixed way, they are a part of the machine, and consequently are accessory to the machine.

The court below considered forty-nine specific sizes of the appellee's production of the Weed chains and their parts, and held that their sales are exempt from the statute and that no tax should be paid. It was concluded below that the primary adaptation rule, referred to in Universal Battery Co. v. United States, supra, has no application to cases where the appellee, by evidence of subsequent untaxed resales, shows two uses, one of which is the admitted principal use on automobiles and the other is a possible exempted use even though it be a diverted use. We think such a conclusion ignores the chief or principal use as being determinative of the primary adaptation rule, referred to by the Supreme Court, and it also assumes evidence of untaxed resales for possible diverted uses, sufficient to override the primary adaptation rule. In the absence of evidence showing that such diverted uses required an article of the same design and primary adaptation as is required for the automobile truck and other motor vehicle uses, the appellee could not succeed. No effort has been made to show that the tensile strength, twisting strains, or weight of the chains was different from those used and usable on automobile trucks or other automobiles. On the contrary, the evidence supports the claim of the appellant that a chain designed and primarily adapted for use on an automobile truck may be applied and used on the wheels of a tractor having comparable sized rubber tires. Indeed, there is no evidence that the chains referred to by the court below had the same design or primary adaptation for use on tractors.

We therefore conclude that the chains for which the tax has been imposed were primarily adapted for use and chiefly or principally used for motor vehicles, enumerated in the statute, which were taxable, and are to be regarded as parts or accessories of such vehicles even though there has been some other use of the articles for which they are not so well adapted. Universal Battery Co. v. United States, supra.

Moreover, the burden of proof was upon the appellee to establish the invalidity of the tax. United States v. Mitchell, 271 U. S. 9, 12, 46 S. Ct. 418, 70 L. Ed. 799; United States v. Anderson, 269 U. S. 422, 46 S. Ct. 131, 70 L. Ed. 347; Union Co. v. United States (Ct. Cl.) 46 F.(2d) 717. It was incumbent upon the appellee to establish that the Weed chains were not designed or primarily adapted to use on automobile trucks, automobile wagons, other automobiles, and motorcycles. This burden required a showing that the specific chains sold and for which the tax was imposed were designed and primarily adapted for some other specific use than that of automobiles. It is not enough to show that, of the forty-nine specific sizes referred to below, at least one other vehicle might have used them. The appellee admits that the chains involved were chiefly used and adapted for use on the vehicles referred to as taxable in the statute and seeks its refund on the basis that such chains were applicable for performing certain duties such as furnishing traction only with respect to other vehicles. Such assumption does not mean that the chains were not designed nor primarily adapted for use on automobile trucks or other vehicles referred to in the statute as taxable. To succeed, the appellee should have shown by evidence adaptation for other uses. In the absence of evidence of such a showing, it was erroneous to hold that chains equally adapted for a variety of uses for traction purposes only and commonly put to such uses, one of which is on automobiles, cannot be classified as parts or accessories of such vehicles. This does not mean that the chains involved can be so classified only where they are adapted solely for use on motor vehicles and are exclusively so used. Magone v. Wiederer, 159 U. S. 555, 16 S. Ct. 122, 40 L. Ed. 258. But where the chains were sold, and are predominantly and chiefly used, as parts or accessories of such automobile trucks, other automobiles, and motorcycles, the sales are taxable in the absence of evidence showing the chains involved were not designed and primarily adapted for such use. The appellee has failed to establish its nontaxable sales.

It is an insufficient answer to say that the appellee did not know and has no way of ascertaining the amount of the sales of chains for use on other than automobile trucks, other automobiles, and motorcycles. Perfection Gear Co. v. United States, 41 F.(2d) 561 (Ct. of Claims); Burnet v. Houston, 283 U. S. 223, 51 S. Ct. 413, 75 L. Ed. 991.

We need not consider whether the claim that section 424 (a) of the Revenue Act of

1928 (26 USCA § 2424) precludes a recovery because of the view we take that the appellant has failed to establish the right to recover back the taxes paid.

Judgments reversed.