## DURKEE–ATWOOD CO. v. WILLCUTS, Collector of Internal Revenue.

### No. 10413.

Circuit Court of Appeals, Eighth Circuit.

June 6, 1936.

Arnold L. Guesmer, of Minneapolis, Minn., for appellant.

Howard P. Locke, Sp. Asst. to Atty. Gen. (Robert H. Jackson, Asst. Atty. Gen., Sewall Key, and Norman D. Keller, Sp. Assts. to Atty. Gen., and George F. Sullivan, U. S. Atty., and Linus J. Hammond, Asst. U. S. Atty., both of St. Paul, Minn., on the brief), for appellee.

Before GARDNER, SANBORN, and BOOTH, Circuit Judges.

GARDNER, Circuit Judge.

This is an action in which appellant, as plaintiff, sought to recover from appellee $23,622.23 upon a claim for refund of excise taxes paid during the years 1923, 1924, 1925, and the first two months of 1926, upon sales by appellant of belts manufactured by it and claimed by appellee to be parts or accessories for automobiles and trucks. The case was tried to the court without a jury. We shall refer to the parties as they appeared below.

The issue in the lower court was whether the belts manufactured and sold by plaintiff during the time in question were parts or accessories for automobiles and trucks within the meaning of the Revenue Act of 1921, § 900 (42 Stat. 291, c. 136) and section 600 of the Revenue Act of 1924 (43 Stat. 322). It was the contention of plaintiff in the lower court that the belts manufactured and sold by it were in common use and equally adapted for a variety of purposes, and for that reason were not taxable as parts or accessories for automobiles

and trucks. The court found that the belts were "designed for use as a part and primarily adapted for use on automobile trucks, automobile wagons and other automobiles." It also found that "said fan belts were 'parts' for automobile trucks, automobile wagons and other automobiles, within the meaning of said Acts of Congress." Having so found, the court concluded that the tax was legally imposed, assessed, and collected, and entered judgment dismissing plaintiffs' complaint.

By proper request for findings of fact, conclusions of law, and for judgment in its favor, plaintiff preserved the question as to whether or not these belts should· be held to be parts or accessories for automobiles and trucks, and presents that issue on this appeal.

The statute involved, so far as here material, reads as follows:

Sec. 900 (Revenue Act 1921). "That from and after January 1, 1922, there shall be levied, assessed, collected, and paid upon the following articles sold or leased by the manufacturer, producer, or importer, a tax equivalent to the following percentages of the price for which so sold or leased—

"(1) Automobile trucks and automobile wagons (including tires, inner tubes, parts, and accessories therefor, sold on or in connection therewith or with the sale thereof), 3 per centum;

"(2) Other automobiles and motor cycles (including tires, inner tubes, parts, and accessories therefor, sold on or in connection therewith or with the sale thereof), except tractors, 5 per centum;

"(3) Tires, inner tubes, parts, or accessories for any of the articles enumerated in subdivision (1) or (2), sold to any person other than a manufacturer· or producer of any of the articles enumerated in subdivision (1) or (2), 5 per centum."

Section 600 (1), (2), and (3), of the Revenue Act of 1924 is the same as the above quoted provisions of the Revenue Act of 1921.

Belts not being specifically enumerated in the statute, the question presented is whether or not they are taxable as "parts or accessories for any of the articles enumerated, etc."

Treasury Regulations 47, revised in December, 1921, places a construction upon the word "parts," as follows:

"Art. 15. Definition of parts.—A 'part' for an automobile truck, automobile wag-on, other automobile or motor cycle is any article designed or manufactured for the special purpose of being used as or to replace a component part of any such vehicle and which by reason of some peculiar characteristic is not such a commercial commodity as would ordinarily be sold for general use and which is primarily adapted *only* for use as a component part of such vehicle." (Italics supplied.)

The same regulation places a construction upon the words "parts and accessories" as follows:

"Art. 16. Parts or accessories—Definition of parts.—A 'part' for an automobile truck, automobile wagon, or other automobile chassis or body, or motor cycle, is any article designed or manufactured for the special purpose of being used as, or to improve, repair, or replace, a component part of any such vehicle, or article, and which by reason of some peculiar characteristic is not such a commercial commodity as would ordinarily be sold for general use, or which is primarily adapted *only* for use as a component part of such vehicle or article." (Italics supplied.)

■ Articles equally adapted and commonly used for a variety of purposes are not parts or accessories for automobiles or trucks. Universal Battery Co. v. United States, 281 U.S. 580, 50 S.Ct. 422, 423, 74 L.Ed. 1051; United States v. Jefferson Electric Mfg. Co., 291 U.S. 386, 54 S.Ct. 443, 78 L:Ed. 859; W. M. Dutton & Sons Co. v. United States (Ct.Cl.) 59 F.(2d) 839, 841; McCaughn v. Electric Storage Battery Co. (C.C.A.) 63 F.(2d) 715, 717; Electric Storage Battery Co. v. McCaughn (D. C.) 52 F.(2d) 205; American Chain Co. v. Hartford-Connecticut Trust Co. (D.C.) 11 F.Supp. 770; Anthony Co. v. United States (Ct.Cl.) 56 F.(2d) 481; Frost Gear & Forge Co. v. United States (Ct.Cl.) 52 F.(2d) 1022.

The Supreme Court, in Universal Battery Co. v. United States, supra, had occasion to consider this statute as applied to storage batteries. After referring to the fact that the administrative regulations have construed the term "part" to mean any article designed or manufactured for the special purpose of being used as or to replace a component part of such vehicle, and which by reason of its characteristics would not ordinarily be sold for general use, but is primarily adapted for use as a component part of such vehicle, and the term "accessory" to mean any article de-

signed to be used in connection with such vehicle to add to its utility or ornamentation, and which is primarily adapted for such use, the court said: "This construction of those terms has been adhered to in the Internal Revenue Bureau for about ten years, and it ought not to be disturbed now unless it be plainly wrong. We think it is not so, but is an admissible construction. Certainly it would be unreasonable to hold that articles equally adapted to a variety of uses and commonly put to such uses, one of which is use in motor vehicles, must be classified as parts or accessories for such vehicles. And it would be also unreasonable to hold that articles can be so classified only where they are adapted solely for use in motor vehicles and are exclusively so used. Magone v. Wiederer, 159 U.S. 555, 559, 16 S.Ct. 122, 40 L.Ed. 258. We think the view taken in the administrative regulations is reasonable and should be upheld. It is that articles primarily adapted for use in motor vehicles are to be regarded as parts or accessories of such vehicles, even though there has been some other use of the articles *for which they are not so well adapted.*" (Italics supplied.)

In holding that the evidence did not sustain the contention that storage batteries constituted parts or accessories for automobiles, the court said: "The court, although finding that the batteries were, and had been for several years, used for the purposes alleged, made no finding as to whether they were primarily adapted for use in motor vehicles or were equally adapted for the other uses named."

In W. M. Dutton & Sons Co. v. United States, supra, the Court of Claims had before it the contention that "air pumps constituted parts or accessories for automobiles," within the meaning of the revenue acts involved. After observing that while air pumps were used in connection with automobiles, they were also used for a large variety of other purposes, such as inflating all kinds of pneumatic tires used on bicycles, motorcycles, airplanes, and sulkies, the court said: "Under the uniform decisions of this court, and the decision of the Supreme Court in Universal Battery Co. Case, supra, the articles in question being equally adapted to a variety of uses, and commonly put to such uses, one of which is use in motor vehicles, cannot be considered as primarily adapted for use in motor vehicles."

In McCaughn v. Electric Storage Battery Co., supra, it was contended that electric batteries were parts or accessories for automobiles within the statute taxing automobile parts. In the course of the opinion in that case it is said: "The fact that automobiles are the largest users of storage batteries is not decisive of the case. That they are the largest users is a fact, but taxability of a battery under this statute depends, not upon the quantity used, but upon whether or not it is primarily adapted for use in an automobile and not equally adapted to any other use requiring the same load. Unless it fulfills these two requirements, it is not a 'part or accessory' within the meaning of this statute."

Referring to the above-quoted paragraphs from Treasury Regulation 47, it is to be observed that the words "primarily adapted" are in each instance modified by the word "only." This regulation was adopted in its present form apparently in December, 1921, long prior to the passage of the 1924 Revenue Act, which is substantially the same, so far as here material, to the above-quoted Revenue Act of 1921.

■ When the meaning of a statute is doubtful, great weight is to be given by the courts to the construction placed upon it by the department charged with its administration, and where Congress re-enacts a statute without change, which had previously received long executive construction, it assents to or adopts the construction placed upon it. Minnesota Tea Co. v. Commissioner of Internal Revenue (C.C.A.8) 76 F.(2d) 797. It is to be observed that the court does not, by its findings in the instant case, determine that the belts manufactured and sold by the plaintiff were "primarily adapted only for use on automobile trucks, etc.," and we are left somewhat in doubt as to whether the court intended to hold that these belts were not equally adapted for use on other machines. It is contended by plaintiff that the belts manufactured and sold by it were equally adapted for other uses.

■ It cannot be said that there is any real conflict in the evidence. It appears without dispute that these belts were not specially designed for automobiles or trucks only, but were equally adapted for a variety of uses, and were commonly used for a variety of purposes, such as washing machines, refrigerators, pumps, sewing machines, oil heaters, and other industrial motors. The fact that the belts were used to

998

a greater extent on automobiles or automobile trucks does not prove that they were primarily adapted for use on automobiles and trucks, within the Revenue Act. McCaughn v. Electric Storage Battery Co., supra. The testimony shows that they were sold to wholesale hardware concerns, to manufacturers of washing machines, to manufacturers of tractors, to manufacturers of cream separators, and to manufacturers of grinders. Salesmen for plaintiff went to any place where there was any prospective belt business to be had, even if there were no automobile factories at or near the place.

As has already been observed, the test is not as to the volume of sales, but, rather, the fitness and the special adaptability of the article for purposes other than for automobiles and automobile trucks.

A careful review of all the testimony on this vital issue in the case convinces us that there is no substantial evidence to sustain the court's findings, and the judgment appealed from is therefore reversed, and the cause is remanded, with directions to grant plaintiff a new trial.