**PACIFIC CAR AND FOUNDRY COMPANY, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. No. 6823.

United States District Court
W. D. Washington, N. D.

Jan. 2, 1968.

Thomas Todd, of Helsell, Paul, Fetterman, Todd & Hokanson, Seattle, Wash., for plaintiff.

Eugene G. Cushing, U. S. Atty., Albert E. Stephan, Asst. U. S. Atty., Seattle, Wash., Mitchell Rogovin, Jerome Fink, W. Forbes Ramsey, Tax Division, Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM OPINION

LINDBERG, Chief Judge.

This is an action for the recovery of excise taxes paid by K-W Dart Truck Co. on the sale of certain vehicle parts. The parts in question were purchased by K-W Dart Truck Co. from the original manufacturers and resold by K-W Dart for eventual use as replacement parts on off-highway vehicles manufactured by K-W Dart. At least 95% of these parts were actually used as replacement parts on K-W Dart off-highway vehicles.

Section 4061(b) (1) of the Internal Revenue Code of 1954 imposes a tax on the sale by the manufacturer of parts or accessories for automobile truck chassis and bodies.

Section 4221(a) (1) provides that no tax under Section 4061(b) (1) shall be imposed on the sale by the manufacturer of an article for use by the purchaser for further manufacture. Section 4221(d) (6) provides that a part or accessory taxable under Section 4061(b) (1) shall be treated as sold for use in further manufacture if it is sold for use by the purchaser as material in the manufacture or production of, or as a component part of, another article to be manufactured or produced by him.

Section 4223(a) provides that a manufacturer, such as K-W Dart Truck Co., to whom an article is sold free of tax under Section 4221(a) (1) for use by him in further manufacture shall be treated as the manufacturer of such article.

The substance of the above sections as applied to the facts in this case is to be construed as follows:

If the parts in question here are parts or accessories for automobile truck chassis and bodies, K-W Dart Truck Co., having purchased them tax-free under Section 4221(a) (1) for use in further manufacture,[1] must now be treated as their manufacturer. As such, K-W Dart would be liable for tax on the resale of the parts to its dealers.[2]

Having paid the tax on the articles in question, K-W Dart can now get a refund only by meeting its burden of showing that the articles in question were not taxable, that is, that they are not parts or accessories for automobile truck chassis and bodies, within the meaning of the statute.

It is thus necessary to explore the meaning of the term "parts or accessories for automobile truck chassis and bodies" under the statute.

Under longstanding interpretation, "automobile truck" means truck for use on the highways. See American-La France Fire Engine Co. v. Riordan, 6

[1]. If the parts were not parts or accessories for truck chassis or bodies, the freedom from tax on their purchase was not due to Section 4221, which allows tax-free sale to manufacturers of parts otherwise taxable. Thus the fact that K-W Dart issued a certificate in connection with its purchase of the articles saying it would pay a tax on any articles it purchased *tax free under its certificate* would not subject K-W Dart to tax liability on resale, since the freedom from tax was not due to the certificate.

[2]. There is an underlying assumption that the mere purchase and resale by K-W Dart of the articles did not change their character under the excise tax law. This assumption underlies similar discussions in the reported cases and regulatory materials. As becomes apparent further on, the test of taxability is whether an article is primarily adapted for use on a taxable vehicle and not equally well adapted for other uses. It seems to be assumed that adaptability for a particular use is a function only of the physical form of the article. Nowhere is there any discussion of whether the way articles are injected into commerce can affect their adaptability for a particular use. It may be that sale through different jobbing outlets using different advertising methods to inform the public where an item can be found could make articles identical in form primarily adaptable to different uses.

F.2d 964 (2d Cir. 1925); Rev.Rul. 57–440, Cum.Bull.1957–2 p. 721. K-W Dart Truck Co. makes only off-highway vehicles, parts and accessories for which are not taxed.

"Parts or accessories" is defined in Section 48.4061(b)–2(a) and (b) of Treasury Regulations on Manufacturers and Retailers Excise Tax (1954 Code). As there defined, the term includes all articles "the primary use of which is to improve, repair, replace, or serve as a component part of an automobile truck or bus chassis or body," but does not include "articles which are not used primarily in the manufacture, repair, etc., of automobile trucks, * * * but have a general use in the manufacture, repair, etc., of various articles."

The government states in its brief that "this rule is consonant with the Supreme Court decision in Universal Battery Co. v. United States, 281 U.S. 580, [50 S.Ct. 422, 74 L.Ed. 1051] (1930), where the Court approved the interpretation of the term 'part' in the Excise Tax Regulations and stated (p. 584 [50 S.Ct. 422]):

'It is that articles *primarily adapted for use* in motor vehicles are to be regarded as parts or accessories of such vehicles, even though there has been some other use of the articles for which they are not so well adapted.' (Emphasis added.)"

The brief does not mention the earlier general statement in that case at pages 583–584, 50 S.Ct. at page 423 as follows:

"Certainly it would be unreasonable to hold that articles equally adapted to a variety of uses and commonly put to such uses, one of which is use in motor vehicles, must be classified as parts or accessories for such vehicles."

The Court sent back some of the cases there before it for findings on the issue "whether they were primarily adapted for use in motor vehicles or were equally adapted for the other uses named." Id. at 584, 50 S.Ct. at page 423. Presumably the Treasury Regulations are meant to conform to the Supreme Court language interpreting the tax statute.

In American Chain Co. v. Eaton, 58 F.2d 248 (D.Conn.1932), the evidence showed that certain of plaintiff's tire chains would fit on the tires of non-taxable vehicles. The court found that this was so, but also that there were more taxable vehicles than non-taxable vehicles, and that the tire chains were originally patented for use on automobiles and trucks. Still, the trial court denied the government's motion for a verdict at the close of plaintiff's evidence, and eventually found for the plaintiff on the ground that the chains were not primarily adapted for use on taxable vehicles. The Court of Appeals reversed, saying that the government's motion should have been granted. 63 F.2d 783 (2nd Cir. 1933). The Supreme Court reversed the Circuit Court, since there was substantial evidence tending to prove every element of the plaintiff's case, but sent the case back for a new trial on other grounds. United States v. Jefferson Elec. Co., 291 U.S. 386, 407, 54 S.Ct. 443, 78 L.Ed. 859 (1934). The new trial court made substantially the same finding on the issue of whether the chains were parts or accessories for taxable vehicles, and the decision was affirmed as to this finding. American Chain Co. v. Hartford-Connecticut Trust Co., 86 F.2d 105 (2d Cir. 1936). Thus, on facts somewhat similar to those in this case, the Supreme Court has allowed a trial court's finding of non-taxability to stand.

Other courts have similarly interpreted *Universal Battery Co.* as stating that articles are parts or accessories for taxable vehicles only if they are primarily adapted for use on taxable vehicles and not equally well adapted for other uses, and have then based their conclusion of non-taxability on a finding that the questioned articles were equally adapted to non-taxable uses. See Anthony Co. v. United States, 56 F.2d 481, 73 Ct.Cl. 758 (1932) (air pumps equally adapted to pumping tires of non-taxable vehicles); McCaughn v. Electric Storage Battery Co., 63 F.2d 715 (3d Cir. 1933) (storage batteries of size and strength to

fit autos equally adapted to other uses). But see Crown Products Co. v. United States, 239 F.Supp. 1009 (D.Neb.1965) (precurved radiator hose primarily adapted to auto use taxable although in some instances equally adapted to use on tractors).

It has been stated that taxability of a part under the statute does not depend on the relative quantity used. McCaughn v. Electric Storage Battery Co., 63 F.2d 715, 717 (3d Cir. 1933); see Durkee-Atwood Co. v. Willcuts, 83 F.2d 995, 997 (8th Cir. 1936); cf. United States v. Jefferson Elec. Co., 291 U.S. 386, 407, 54 S.Ct. 443, 78 L.Ed. 859 (1934). But cf. Crown Products Co. v. United States, supra.

In support of the proposition that the parts in question are primarily adapted for use on highway vehicles, and were not equally well adapted for use on off-highway vehicles, the government points to the fact that at least 90% of the total sold of each type of part is used on taxable highway vehicles.

In addition, the government points to the fact that the original manufacturers of 85% of the types of parts considered here thought them taxable, and that catalog descriptions and talks with plaintiff's employees convinced the revenue agent that the rest were taxable.

In attempting to meet his burden of proof in the face of this evidence, the plaintiff points to two facts: (1) at least 95% of the parts in question here were actually used on K-W Dart off-highway vehicles, and (2) K-W Dart off-highway vehicles were specifically designed to make use of the parts in question here.

The plaintiff has met his burden. The K-W Dart off-highway vehicles were specifically designed to use these types of parts. Parts of these types were therefore perfectly adapted for use on K-W Dart off-highway vehicles, and there could not be any use to which the parts were better adapted, though there may have been many uses to which they were equally well adapted.

Accordingly, plaintiff was not liable for the Federal Excise Tax provided in Section 4061(b) of the Internal Revenue Code of 1954 with respect to the parts and accessories sold by the K-W Dart Truck Co. division of the plaintiff and is entitled to judgment against the defendant.